UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUQIN XIA,

                *Plaintiff,*

      -against-

U.S. ATTORNEY GENERAL MERRICK B.
GARLAND; DHS SECRETARY ALEJANDRO
MAYORKAS; USCIS DIRECTOR UR MENDOZA
JADDOU; ASSOCIATE DIRECTOR FOR USCIS
SERVICE OPERATIONS CONNIE NOLAN; AND
USCIS LONG ISLAND FIELD OFFICE DIRECTOR
BARBARA OWLETT,

                *Defendants.*

24-CV-395 (ARR) (SJB)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

       Plaintiff, Suqin Xia, brings this action under the Mandamus Act, 28 U.S.C. § 1361, and

Section 706(2) of the Administrative Procedure Act ("APA"), *see* 5 U.S.C. §§ 701–06, against

Merrick B. Garland, U.S. Attorney General; Alejandro Mayorkas, Secretary of the U.S.

Department of Homeland Security; Ur Mendoza Jaddou, Director of U.S. Citizenship and

Immigration Services ("USCIS"); and Connie Nolan and Barbara Owlett, subordinate USCIS

officials (collectively, the "defendants"). Am. Compl. ¶¶ 6–11, 33, 36, ECF No. 16. Plaintiff

alleges that defendants' denial of her application for adjustment of status under 8 U.S.C. § 1255

was contrary to law, arbitrary and capricious, and unsupported by the factual record. *Id.* ¶¶ 36, 42,

48; Pl.'s Mem. Opp'n Defs.' Mot. Dismiss ("Pl.'s Opp'n") at 8, ECF No. 24. Defendants move to

dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of

the Federal Rules of Civil Procedure, and in the alternative, for failure to state a claim pursuant to

Rule 12(b)(6). Defs.' Mem. Supp. Mot. Dismiss ("Defs.' Mot.") at 18 n.4, ECF No. 23-1. For the

reasons set forth below, I grant defendants' motion to dismiss for lack of subject matter jurisdiction.

## BACKGROUND[1]

Plaintiff, who was born in China, entered the United States on October 2, 1993. Am. Compl. ¶ 12. After plaintiff expressed a fear of persecution if returned to China, she was paroled into the United States pending a hearing on her application for asylum. Defs.' Mot. at 3. On February 10, 1995, an immigration judge denied plaintiff's asylum application and ordered her deportation. *Id.* That order has never been executed, and plaintiff has now lived in the United States for more than thirty years. *Id.*

Plaintiff applied for adjustment to lawful permanent resident status based on her relationship to a U.S. citizen, which is one of the statutory grounds by which a noncitizen may apply for lawful permanent resident status. *See* 8 U.S.C. §§ 1151, 1255(a). The process for that application requires the U.S. citizen to first file a Form I-130 Petition for Alien Relative ("Form I-130") on behalf of the noncitizen. *See id.* §§ 1153, 1154; 8 C.F.R. § 204.1(a). If that form is approved, the noncitizen may then apply for adjustment of status to that of a lawful permanent resident. 8 U.S.C. § 1255(a).

Here, plaintiff is the beneficiary of an approved Form I-130 filed on her behalf by her U.S.-citizen daughter. Am. Compl. ¶ 53. On October 7, 2021, plaintiff filed an application for

---

[1] Because I am resolving defendants' motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure, I may refer to evidence outside of the pleadings when necessary to provide full context. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside of the pleadings."). Plaintiff's contention that defendants' motion should be "converted" to one for summary judgment because defendants attached supplemental evidence to the motion, *see* Pl.'s Opp'n at 4–6, is therefore without merit.

adjustment of status with USCIS under 8 U.S.C. § 1255, based on her approved Form I-130. Defs.'

Mot. at 3–4; Am. Compl. ¶ 53. More than two years later and still awaiting a response from USCIS,

plaintiff filed the initial complaint in this action on January 19, 2024, seeking to compel the agency

to adjudicate her application. *See generally* Compl., ECF No. 1. On March 7, 2024, USCIS denied

plaintiff's application for adjustment of status. Am. Compl. ¶ 17; *see also* Defs.' Mot., Decl. of

Catherine Nieves ("Nieves Decl."), Ex. A, ECF No. 23-2. The agency found, "[a]fter weighing the

positive and negative equities in [plaintiff's] case," that plaintiff did "not warrant a favorable

exercise of discretion." Nieves Decl., Ex. A at 8. Plaintiff subsequently amended her complaint to

challenge the denial of her application. *See* Am. Compl. ¶¶ 32–56. She now seeks an order under

the Mandamus Act and the APA compelling defendants to re-adjudicate and grant her application.[2]

*Id.* at 10.

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)

when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v.*

*United States*, 201 F.3d 110, 113 (2d Cir. 2000). The party asserting subject matter jurisdiction

must establish by a preponderance of the evidence that jurisdiction exists. *See Morrison v. Nat'l*

*Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). In evaluating a Rule 12(b)(1) motion to

---

[2] In addition to asserting a claim under the APA, plaintiff asserts jurisdiction and requests relief under the Mandamus Act, 28 U.S.C § 1361. Am. Compl. ¶¶ 19, 33. "[I]n the context of a suit to compel agency action, 'the avenues of relief that the Mandamus Act and the APA provide are essentially the same.'" *Ruan v. Wolf*, No. 19-CV-4063, 2020 WL 639127, at *3 (E.D.N.Y. Feb. 11, 2020) (quoting *Rajput v. Mukasey*, No. 07-CV-1029, 2008 WL 2519919, at *2 (W.D. Wash. June 20, 2008)). Further, "many district courts . . . have found APA and mandamus jurisdiction to be co-extensive." *Bondarenko v. Chertoff*, No. 07-MC-00002, 2007 WL 2693642, at *10 (W.D.N.Y. Sept. 11, 2007) (collecting cases). As a result, I do not draw a distinction between plaintiff's APA and Mandamus Act claims. Plaintiff has also referred to the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201. Am. Compl. ¶ 19. As defendants correctly note, the DJA is not an independent source of federal jurisdiction. *See* Defs.' Mot. at 19.

dismiss, a district judge must "accept[] all material factual allegations in the complaint as true," but should "refrain from drawing inferences in favor of the party asserting subject matter jurisdiction." *Gonzalez v. Inn on the Hudson LLC*, No. 20-CV-9196, 2022 WL 974384, at *2 (S.D.N.Y. Mar. 30, 2022). Further, a district judge "may consider evidence outside of the pleadings to resolve the disputed jurisdictional fact issues." *Id.* Lastly, when faced with both Rule 12(b)(1) and Rule 12(b)(6) motions, a district judge must consider the Rule 12(b)(1) motion first because "disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction." *Chambers v. Wright*, No. 05-CV-9915, 2007 WL 4462181, at *2 (S.D.N.Y. Dec. 19, 2007) (citation and internal quotation marks omitted).

## DISCUSSION

### I.   8 U.S.C. § 1252(a)(2)(B)(i) Applies to This Action.

As a threshold matter, the parties dispute which of the jurisdiction-stripping provisions contained in 8 U.S.C. § 1252(a)(2)(B) is applicable to this action. That subparagraph of the statute provides, in relevant part, as follows:

> Notwithstanding any other provision of law, (statutory or nonstatutory) . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review: (i) any judgment regarding the granting of relief under section . . . 1255 of this title [relating to adjustment of status], or (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . .

*Id.* Defendants contend that, because plaintiff applied for adjustment of status under 8 U.S.C. § 1255(a), USCIS's denial of her application constitutes a "judgment regarding the granting of" such relief, making clause (i) the relevant provision. Defs.' Mot. at 8; Defs.' Reply Mem. Supp. Mot. Dismiss ("Defs.' Reply") at 7–9, ECF No. 25. Plaintiff asserts that, because USCIS is part of the executive branch rather than a court, the denial was not a "judgment" and instead falls under

the catchall clause (ii), which applies to "any other decision or action" taken by the Attorney General or Secretary of Homeland Security. Pl.'s Opp'n at 26–27.

Plaintiff's argument is unpersuasive. For one, as defendants note, the statute gives the authority to grant adjustment of status under § 1255 to the executive branch—namely to the Attorney General or his delegate—not to courts. *See* 8 U.S.C. § 1255(a) (noncitizen's status "may be adjusted by the Attorney General"). In addition, removal proceedings, while quasi-judicial in nature, are conducted by immigration judges employed by the Department of Justice. *Id.* § 1229a(a)(1). Plaintiff's interpretation would effectively read clause (a)(2)(B)(i) out of § 1252, as under her reading nothing would qualify as a "judgment regarding the granting of relief." *Id.* § 1252(a)(2)(B)(i). I therefore conclude, as defendants argue, that section 1252(a)(2)(B)(i) applies to the decision plaintiff seeks to challenge.

## II.     This Action Is Barred by 8 U.S.C. § 1252(a)(2)(B)(i).

### A.  Under binding precedent, the courts lack jurisdiction over discretionary denials of adjustment of status.

The Second Circuit has repeatedly and consistently held that 8 U.S.C. § 1252(a)(2)(B)(i) strips the courts of jurisdiction to review the agency's weighing of discretionary factors in denying an application for adjustment of status under § 1255. *See, e.g.*, *Wallace v. Gonzales*, 463 F.3d 135, 138 (2d Cir. 2006); *Guyadin v. Gonzales*, 449 F.3d 465, 468 (2d Cir. 2006). In *Wallace*, for instance, a noncitizen challenged the denial by the Board of Immigration Appeals ("BIA") of his application for adjustment of status under § 1255. 463 F.3d at 138. The Second Circuit held that the courts "cannot review [the noncitizen's] claim if he merely challenges how the BIA exercised its *discretion*." *Id.* Similarly, in *Guyadin*, the court held that the agency's denial of adjustment of status, "which was made pursuant to discretionary authority granted by 8 U.S.C. § 1255, is clearly within the category of decisions insulated from judicial review." 449 F.3d at 468.

District judges, including several in this district, have applied the rule found in *Wallace* and *Guyadin* to discretionary denials of adjustment of status by USCIS, as recently as earlier this year. For example, in *Celi v. Mayorkas*, No. 22-CV-07488, 2024 WL 1348522, at *2 (E.D.N.Y. Mar. 29, 2024), the plaintiff argued that USCIS's decision to deny him adjustment of status was arbitrary and capricious in violation of the APA. Applying 8 U.S.C. § 1252(a)(2)(B)(i), the court dismissed the suit, holding that the plaintiff's challenge, at bottom, "ask[ed] the Court to review USCIS's choice to weigh some factors more than others," which "is a discretionary determination outside of the Court's subject matter jurisdiction." *Id.* at *4. Likewise, in *Yu Mei Chen v. Nielsen*, 363 F. Supp. 3d 333, 340–41 (E.D.N.Y. 2019), the court dismissed the plaintiff's challenge to USCIS's denial of adjustment of status, finding that § 1252(a)(2)(B)(i) stripped it of jurisdiction. The court reasoned that, because USCIS did not question the plaintiff's eligibility for adjustment of status, all that remained at issue was "USCIS's consideration of [the plaintiff's] discretionary factors," which the courts "lack jurisdiction to review." *Yu Mei Chen*, 363 F. Supp. 3d at 341 (internal quotation marks omitted) (quoting *Guyadin*, 449 F.3d at 469).

Thus, if plaintiff's suit is fundamentally nothing more than a challenge to USCIS's exercise of its discretion under 8 U.S.C. § 1255, I must dismiss it for lack of jurisdiction pursuant to § 1252(a)(2)(B)(i). Indeed, plaintiff herself concedes as much, observing that "[d]ecisions . . . considered discretionary" are "immune from review." Pl.'s Opp'n at 35. On its face, USCIS's denial of plaintiff's application rests solely on the agency's discretion, making no finding as to her statutory eligibility for relief. *See* Nieves Decl., Ex. A at 8 ("After weighing the positive and negative equities in your case, USCIS has determined that you do not warrant a favorable exercise of discretion."). I therefore turn to plaintiff's arguments that USCIS's decision was "[o]nly

"[n]ominally [d]iscretionary" and was, in fact, a veiled determination that plaintiff is statutorily ineligible for the relief that she seeks. Pl.'s Opp'n at 32–36; *see also* Defs.' Reply at 4–7.

### B. USCIS denied plaintiff's application in its discretion and had no obligation to make findings as to her statutory eligibility for relief.

Plaintiff contends that, "[a]lthough the denial uses the magic words of 'favorable discretion' and 'positive and adverse factors,' at the root of the denial is a statutory determination reviewable by this Court." Pl.'s Opp'n at 32. She reasons that "[d]espite USCIS's insistence that it is a discretionary denial, all of [the] alleged discretionary factors" purportedly relied upon by USCIS in making its decision to deny relief—plaintiff's alleged fraud, criminal convictions, and unauthorized employment—"in fact pertain to **statutory** grounds for denial." *Id.* at 32–33. In response, defendants argue that no case law holds "that a discretionary denial is reviewable merely because the negative discretionary factors may *also* be grounds for ineligibility." Defs.' Reply at 5 (emphasis added).[3]

Defendants have the better of the argument here. Even if it were true that USCIS's discretionary denial of plaintiff's application relied on factors that could *also* render plaintiff ineligible for relief, it does not follow that USCIS decided, or was required to decide, the question of statutory eligibility before denying her application in its discretion. Indeed, the Supreme Court has expressly held, in the context of adjustment of status applications, that there is no obligation for the agency "to arrive at purely advisory findings and conclusions as to statutory eligibility," when the application "would have been properly denied" on other grounds. *INS v. Bagamasbad*,

---

[3] Defendants further note that plaintiff's criminal history does not appear to render her ineligible for adjustment of status, and that USCIS made no such finding, but add, correctly, that "[h]er criminal history nonetheless could properly be considered as a negative discretionary factor, even if it fell short of the statutory standard for ineligibility." Defs.' Reply at 5 n.1 (citing *Coello Farfan v. Barr*, 830 F. App'x 362, 363 (2d Cir. 2020)).

429 U.S. 24, 26 (1976). Consequently, there is nothing improper about USCIS's decision here to deny relief based on its discretion without making any finding as to plaintiff's statutory eligibility for that relief.

The cases cited by plaintiff in support of this argument, namely *Ling Yang v. Mukasey*, 514 F.3d 278 (2d Cir. 2008), and *Qin Zhang v. Sessions*, No. 16-CV-6619, 2018 WL 6040089 (E.D.N.Y. Nov. 8, 2018), are inapposite. Both of those cases involved situations where the agency rested its denial on both statutory *and* discretionary grounds. *Ling Yang*, 514 F.3d at 279; *Qin Zhang*, 2018 WL 6040089, at *3. In that context, "the issue is whether [US]CIS's discretionary grounds for denying [the] application were the same as its statutory grounds." *Id.* If "the discretionary determination is based on the same grounds as the eligibility determination," under *Ling Yang*, the courts retain jurisdiction to review both determinations. 514 F.3d at 279. Here, by contrast, it is undisputed that USCIS made no determination at all as to plaintiff's statutory eligibility for relief. *See* Pl.'s Opp'n at 31 ("**Nowhere** in USCIS's decision did USCIS make a determination about Plaintiff's eligibility for adjustment.") (internal quotation marks omitted) (quoting Defs.' Mot. at 13).

As defendants note, *Yu Mei Chen* is more instructive. *See* Defs.' Reply at 5. As in that case, USCIS did not "conflate[] eligibility and discretion" here, *Yu Mei Chen*, 363 F. Supp. 3d at 341, since USCIS declined to make *any* finding on eligibility—as it was within its rights to do. Thus, the lack of any dispute over eligibility "leaves at issue only . . . USCIS's consideration of [plaintiff's] discretionary factors." *Id.* But, as I concluded above, under binding precedent, 8 U.S.C. § 1252(a)(2)(B)(i) strips the courts of jurisdiction to review the agency's weighing of just

those discretionary factors. Thus, having rejected plaintiff's argument, I find that the action must be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).[4]

## III. Plaintiff's Remaining Arguments Are Without Merit.

Plaintiff raises several additional arguments for jurisdiction over her suit, but none of them have merit. She asserts in her amended complaint that "Defendants' denial is not in accordance with law and furnishes a basis for mandamus in this . . . action." Am. Compl. ¶ 5. As defendants note, however, simply alleging that an agency action was unlawful is not sufficient to raise a genuine "question of law" reviewable in federal court. *See* Defs.' Mot. at 11–12; *Guyadin*, 449 F.3d at 468 ("An assertion that the [agency] misread, misunderstood, or misapplied the law . . . does not convert what is essentially an argument that the [agency] abused [its] discretion into a legal question. Such legal alchemy would defeat the intent and the language of the INA."). Her bare assertion therefore provides no grounds for jurisdiction here.

Plaintiff's reliance on *Wilkinson v. Garland*, 601 U.S. 209 (2024), is also unavailing. *See* Pl.'s Opp'n at 36–39. In *Wilkinson*, the Supreme Court held that courts retain jurisdiction to review "the application of a legal standard to undisputed or established facts, also referred to as mixed questions of law and fact." *Id.* at 217 (citation and internal quotation marks omitted). Here, however, plaintiff has identified no legal standard that the agency erred in applying to the facts of her case. While she asserts that USCIS *should* have applied the standards specified in 8 U.S.C. §

---

[4] Because I find no subject-matter jurisdiction under *Wallace* and *Guyadin*, I need not and do not reach defendants' alternative argument that the Supreme Court's decision in *Patel v. Garland*, 596 U.S. 328 (2022), precludes jurisdiction over all denials of adjustment of status by USCIS, regardless of whether the denial is discretionary. *See* Defs.' Mot. at 14–15; *cf. Patel*, 596 U.S. at 345 ("The reviewability of [USCIS] decisions is not before us, and we do not decide it."). And because 8 U.S.C. § 1252(a)(2)(B)(i) strips jurisdiction over plaintiff's claims, I also do not address defendants' additional argument that plaintiff's APA claim is "barred by lack of finality." *See* Defs.' Mot. at 17; Pl.'s Opp'n at 42–44.

1255(a) to decide if she was eligible for relief, *see* Pl.'s Opp'n at 38–39, as I noted above, the agency had no obligation to decide eligibility given that it denied plaintiff's application in its discretion, *see Bagamasbad*, 429 U.S. at 26. Since plaintiff has not identified any other mixed question of law and fact at issue here, *Wilkinson* provides no basis for me to find jurisdiction over this action.

Finally, plaintiff's citation of *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024), is misplaced. *See* Pl.'s Opp'n at 8–9. As defendants correctly observe, this case "does not involve a question of an agency's interpretation of a purportedly ambiguous statute, and Defendants have not sought *Chevron* deference." Defs.' Reply at 10. The governing statute here, 8 U.S.C. § 1252(a)(2)(B)(i), has been interpreted by courts—not by any executive agency—to preclude jurisdiction over discretionary denials of adjustment of status. *Wallace*, 463 F.3d at 138; *Guyadin*, 449 F.3d at 468. Thus, the Supreme Court's ruling in *Loper Bright*, which overturned the prior norm of deference to agency interpretations of ambiguous statutes, simply has no bearing on this case.

## CONCLUSION

For the foregoing reasons, I grant defendants' motion to dismiss in its entirety.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:        August 23, 2024
              Brooklyn, New York